AO 102 (01/09) Application for a Tracking Warrant

# UNITED STATES DISTRICT COURT

for the

Western District of New York

| | |
|---|---|
| In the Matter of the Tracking of<br>*(Identify the person to be tracked or describe*<br>*the object or property to be used for tracking)*<br>A RED 2011 TOYOTA VENZA,<br>NEW YORK STATE REGISTRATION<br>HFM-4978, VIN # 4T3BK3BB1BU060743 | )<br>)<br>)<br>)<br>)<br>) | Case No.   18-MJ- 606 |

*[Court seal: UNITED STATES DISTRICT FILED JUN 01 2018 MARY C. LOEWENGUTH, CLERK WESTERN DISTRICT OF NY]*

## APPLICATION FOR A TRACKING WARRANT

I, a federal law enforcement officer or attorney for the government, have reason to believe that the person, property, or object described above has been and likely will continue to be involved in one or more violations of ___21___ U.S.C. § 841(a)(1), 846 . Therefore, in furtherance of a criminal investigation, I request authority to install and use a tracking device or use the tracking capabilities of the property or object described above to determine location. The application is based on the facts set forth on the attached sheet.

☑ The person, property, or object is located in this district.

☐ The person, property, or object is not now located in this district, but will be at the time of execution.

☐ The activity in this district relates to domestic or international terrorism.

☐ Other:

The tracking will likely reveal these bases for the warrant under Fed. R. Crim. P. 41(c): *(check one or more)*

☑ evidence of a crime;

☑ property designed for use, intended for use, or used in committing a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☐ a person to be arrested or a person who is unlawfully restrained.

☑ I further request, for purposes of installing, maintaining or removing the tracking device, authority to enter the following vehicle or private property, or both:
The parking lot outside of 298 Annie Lane, Rochester, New York.

☑ Delayed notice of __30__ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Jeffrey Plattos, D.E.A. Special Agent
*Applicant's printed name and title*

Sworn to before me and signed in my presence.

Date: __6/1/18__

_____
*Judge's signature*

City and state:   Rochester, New York

Hon. Jonathan W. Feldman, U.S. Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

_____

IN THE MATTER OF THE TRACKING OF
A RED 2011 TOYOTA VENZA,
NEW YORK STATE REGISTRATION
HFM-4978, VIN # 4T3BK3BB1BU060743

_____

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A SEARCH WARRANT

Your affiant, Jeffrey Plattos, having been duly sworn, states the following:

1.      I am a Special Agent with the Drug Enforcement Administration ("DEA"). As such, I am an "investigative or law enforcement officer of the United States" within the meaning of Section 2510(7) of Title 18, United States Code, that is, an officer of the United States empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Title 21, United States Code, Section 801 et seq., and Title 18, United States Code, Section 2516(1).

2.      I have been a special agent with the DEA since 2010, and have received nineteen weeks of specialized training in narcotics and dangerous drugs investigations at the DEA Training Academy located in Quantico, Virginia. In the course of my training and experience, I have become familiar with the methods and techniques associated with the distribution of narcotics, the laundering of drug proceeds, the organization of drug and other criminal conspiracies, and the methods used by criminal organizations to conceal illicit proceeds. I have participated in numerous investigations relating to armed individuals that were involved in the

distribution of controlled substances, including heroin, cocaine, and other substances in violation of federal drug laws, including Title 21, United States Code, Sections 841 and 846, and Title 18, United States Code, Sections 922 and 924. I have also participated in numerous interviews and debriefings of individuals involved in drug trafficking.

3.      I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 3117 to authorize the continued monitoring of a tracking device on a 2011 Toyota Venza, bearing New York registration HFM-4978 and vehicle identification number 4T3BKBB1BU060743 (hereinafter "**SUBJECT VEHICLE**"), registered to Angel CRUZ, 298 Annie Lane Rochester, NY 14626.    The SUBJECT VEHICLE is currently being utilized by Angel CRUZ, date of birth 02/12/1982, of 298 Annie Lane in Rochester, New York. 298 Annie Lane is located in an apartment complex, which has a shared parking lot for residents of the complex.

4.      Based on the facts set forth in this affidavit, I believe that the **SUBJECT VEHICLE** is presently being used in furtherance of violations of Title 21, United States Code, Sections 841(a)(1) and 846 (Possession with Intent to Distribute, and Distribution, of Cocaine, and Conspiracy to do so) by Angel CRUZ and others, and that there is probable cause to believe, and I do believe, as more fully set forth herein, that the continued monitoring of a tracking device in or on the **SUBJECT VEHICLE** will lead to evidence, fruits, and instrumentalities of the above-referenced crimes, as well as to the identification of individuals who are engaged in the commission of those and related crimes.

5.      I have participated in the investigation that is the subject of this affidavit in

2

conjunction with other law enforcement officers. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## PROBABLE CAUSE

6.    In support of this application, I attach hereto as 'Exhibit A' and incorporate herein a copy of my April 18, 2018 application and affidavit in support of the installation and monitoring of a GPS tracker on the SUBJECT VEHICLE. A copy of the Court's April 18, 2018 Warrant authorizing the GPS installation and monitoring is attached hereto as 'Exhibit B' and is also incorporated herein. The installation of the tracker on the SUBJECT VEHICLE was effectuated on April 19, 2018, and monitoring of the tracker began immediately upon its installation.

7.    Since April 19, 2018 agents have been monitoring the SUBJECT VEHICLE via electronic GPS surveillance. Agents have observed the subject vehicle make relatively short stops at several different locations on a daily basis that are consistent with drug traffickers dropping off illegal drugs and picking up currency. During this period agents observed the SUBJECT VEHICLE in the area of 5 Renwood Street Rochester, New York via GPS on at least two occasions. A public records query indicated that Edwin DELEON is a resident of this address. A criminal record check revealed DELEON was charged with New York State felony

3

drug violations in May of 2015. These charges included Criminal Possession of a Controlled Substance-3rd with intent to sell.

8.      The GPS data revealed that the SUBJECT VEHICLE has traveled to the area of 2341 East Ridge Road, Rochester, New York (East Ridge Manor Apartments) on approximately twelve occasions to include an instance just prior to the controlled purchase in May of 2018, which is discussed later in this affidavit. The majority of the stops at this location were for a short period of time, lasting less than 30 minutes.

9.      The GPS data from the SUBJECT VEHICLE also showed a significant pattern of stops in the area of 34 Newcomb Street Rochester, New York. Agents recorded approximately 19 stops in the area of this location from the SUBJECT VEHICLE. The majority of the stops at this location were for a relatively short period of time with an average of less than 30 minutes. DMV and Rochester Police records checks revealed Jose MALDONADO is currently a resident of 34 Newcomb Street. Rochester Police Records indicate that MALDONADO was the victim of a home invasion robbery in 2013 while residing at a different address. MALDONADO reported firearms being taken during the robbery. Based on your affiants training and experience, home invasion robberies are often targeting subjects selling illegal drugs due to the large amounts of cash and drugs that are present.

10.      Agents have observed the SUBJECT VEHICLE in the vicinity of CRUZ's residence, 298 Annie Lane in Rochester, New York on multiple occasions within the past several months. A criminal history check of Angel CRUZ revealed that he was arrested and convicted on New York State felony drug charges in 2001 while in Rochester, New York.

4

11.     In May of 2018, agents instructed a Confidential Source ("CS") to contact CRUZ to set up a controlled purchase of cocaine with CRUZ. This CS is the same individual was is referred to as CS-2 in my prior affidavit of April 18, 2018. This CS has shown to be reliable by providing information that was corroborated by agents along with conducting controlled purchases. During a recorded call, CRUZ and the CS agreed to meet at a location in Rochester, New York. Agents searched the CS and his/her vehicle for illegal drugs or contraband with a negative result. The CS was equipped with a recording device and provided official funds for the purchase of cocaine. Agents observed CRUZ leave his residence at 298 Annie Lane and travel to 2341 East Ridge Road, Rochester, New York. CRUZ then left this location and traveled to the meet location within the City of Rochester, New York. Agents followed the CS to the meet location. Agents observed the CS park his/her vehicle near the SUBJECT VEHICLE at the meet location. The CS was observed exiting the CS vehicle and walking toward the SUBJECT VEHICLE. Moments later the CS was observed walking from the area of the SUBJECT VEHICLE. The CS drove to another location to meet with agents. At this location, the CS turned over suspected cocaine he/she advised was purchased from Angel CRUZ with the official funds inside the SUBJECT VEHICLE. A portion of the suspected cocaine was field tested by agents with a positive result for cocaine.

## USE OF TRACKING DEVICE

12.     The goal of this investigation is not limited to arresting Angel CRUZ and charging him with the distribution of cocaine. The goals also include identifying the locations where CRUZ stashes his drugs and money and identifying CRUZ's sources, workers and

customers. This goal requires physical surveillance of CRUZ when he drives to various locations in the Rochester area to conduct his drug trafficking activity and when he transports cocaine to Rochester, New York, from unknown locations. Based on my experience in this case and my training, I believe that it will be extremely difficult to establish and maintain surveillance on the SUBJECT VEHICLE as CRUZ travels in and around Rochester, New York, without the installation of a tracking device on the SUBJECT VEHICLE. Without the installation of a tracking device, surveillance of CRUZ would require investigators to physically follow him as he drives around Rochester, New York. This increases the likelihood that CRUZ and/or his associates will detect the police surveillance, thereby risking damage to the investigation by CRUZ and his associates switching vehicles, changing addresses and/or phone numbers, concealing or moving to new locations their drugs and drug proceeds, and/or even leaving the area for a period of time.

13.     Therefore, your affiant requests authorization to continue monitoring a tracking device on the SUBJECT VEHICLE. Use of a tracking device will allow the investigating agents to monitor the locations to which the SUBJECT VEHICLE is driven without having to remain in close sight surveillance, which will greatly reduce the risk that the investigation would be compromised. As noted above, your affiant believes that monitoring the tracking device will lead to evidence and fruits of the aforementioned offenses, as well as to the identification of other individuals who are engaged in the commission of these offenses and related crimes.

14.     In order to continue tracking the movement of the SUBJECT VEHICLE effectively and to decrease the chance of detection, your affiant seeks authorization to continue

6

utilizing the tracking device that was previously placed on the SUBJECT VEHICLE as a result of the Court's previously issued tracking warrant.

15.     To ensure the safety of the executing officers and to avoid premature disclosure of this ongoing and covert investigation, it is requested that the Court authorize installation, maintenance, and removal of the tracking device during both daytime and nighttime hours. I believe that if CRUZ were to learn of the tracking device or efforts by the investigative team to install the device, it would alert him and any co-conspirators to the existence of this ongoing, covert investigation. I further believe that if CRUZ was alerted to the existence of this investigation, he and/or co-conspirators may become more secretive in their criminal activities, conduct their criminal activities at different locations, harm suspected government agents and/or informants, threaten potential witnesses, flee the jurisdiction, conceal or destroy evidence, and otherwise seriously jeopardize this ongoing criminal investigation.

16.     In the event the Court grants this application, there will be periodic monitoring of the tracking device during both daytime and nighttime hours for a period of 45 days following installation of the device. The tracking device may produce signals from inside private garages or other such locations not open to the public or visual surveillance.

17.     Should it become obvious that CRUZ or any of his associates is no longer using the SUBJECT VEHICLE, the monitoring of the tracking device will cease and it will be removed from the SUBJECT VEHICLE. It is anticipated that, if this happens, a new

7

application for installation of a tracking device on CRUZ's new vehicle will be made to the Court.

18.      WHEREFORE, based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 3117, that authorizes members of the DEA or their authorized representatives, including, but not limited to, RPD, FBI, ATF and other law enforcement agents and technicians assisting in the above-described investigation, to continue monitoring the tracking device in or on the SUBJECT VEHICLE within the Western District of New York within 10 days of the issuance of the proposed warrant, to maintain, repair, and/or replace the tracking device as necessary, and to remove the tracking device from the SUBJECT VEHICLE after the use of the tracking device has ended; to install, maintain, and remove the tracking device during both daytime and nighttime hours; to surreptitiously enter the parking lot in the area of 298 Annie Lane, Rochester, New York, and/or move the SUBJECT VEHICLE to effect the installation, repair, replacement, and removal of the tracking device; and to monitor the tracking device for a period of 45 days following the issuance of the warrant, including when the tracking device is inside private garages and other locations not open to the public or visual surveillance, both within and outside the Western District of New York.

19.      In accordance with 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), I further request that the warrant delay notification of the execution of the warrant for 30 days after the end of the authorized period of tracking (including any extensions thereof)

8

because there is reasonable cause to believe that providing immediate notification may have an adverse result, as defined in 18 U.S.C. § 2705.  Providing immediate notice would seriously jeopardize the ongoing investigation by prematurely revealing its existence and giving suspects an opportunity to flee from prosecution, destroy or tamper with evidence, such as narcotics, drug ledgers or the proceeds of narcotics transactions, intimidate potential witnesses, notify confederates, and change patterns of behavior.

JEFFREY PLATTOS
Special Agent
Drug Enforcement Administration

Sworn to and subscribed before me
this __1__ day of May, 2018.

HON. JONATHAN W. FELDMAN
United States Magistrate Judge
Western District of New York

9

# EXHIBIT A

AO 102 (01/09) Application for a Tracking Warrant

# UNITED STATES DISTRICT COURT
for the
Western District of New York

| | |
|---|---|
| In the Matter of the Tracking of<br>*(Identify the person to be tracked or describe*<br>*the object or property to be used for tracking)*<br>A RED 2011 TOYOTA VENZA,<br>NEW YORK STATE REGISTRATION<br>HFM-4978, VIN # 4T3BK3BB1BU060743 | )<br>)<br>)<br>)<br>)<br>) | Case No.  18-MJ- 4041 |

## APPLICATION FOR A TRACKING WARRANT

I, a federal law enforcement officer or attorney for the government, have reason to believe that the person, property, or object described above has been and likely will continue to be involved in one or more violations of
21  U.S.C. § 841(a)(1), 846 . Therefore, in furtherance of a criminal investigation, I request authority to install and use a tracking device or use the tracking capabilities of the property or object described above to determine location. The application is based on the facts set forth on the attached sheet.

- ☑ The person, property, or object is located in this district.
- ☐ The person, property, or object is not now located in this district, but will be at the time of execution.
- ☐ The activity in this district relates to domestic or international terrorism.
- ☐ Other:

The tracking will likely reveal these bases for the warrant under Fed. R. Crim. P. 41(c): *(check one or more)*

- ☑ evidence of a crime;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☐ a person to be arrested or a person who is unlawfully restrained.

☑ I further request, for purposes of installing, maintaining or removing the tracking device, authority to enter the following vehicle or private property, or both:
The parking lot outside of 298 Annie Lane, Rochester, New York.

☑ Delayed notice of _30_ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Jeffrey Plattos, D.E.A. Special Agent
*Applicant's printed name and title*

Sworn to before me and signed in my presence.

Date:  4/18/18

City and state:  Rochester, New York

_____
*Judge's signature*

Hon. Marian W. Payson, U.S. Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

*18·mg·4041*

IN THE MATTER OF THE TRACKING OF
A RED 2011 TOYOTA VENZA,
NEW YORK STATE REGISTRATION
HFM-4978, VIN # 4T3BK3BB1BU060743

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A SEARCH WARRANT

Your affiant, Jeffrey Plattos, having been duly sworn, states the following:

1.      I am a Special Agent with the Drug Enforcement Administration ("DEA"). As
such, I am an "investigative or law enforcement officer of the United States" within the
meaning of Section 2510(7) of Title 18, United States Code, that is, an officer of the United
States empowered by law to conduct investigations of, and to make arrests for, offenses
enumerated in Title 21, United States Code, Section 801 et seq., and Title 18, United States
Code, Section 2516(1).

2.      I have been a special agent with the DEA since 2010, and have received nineteen
weeks of specialized training in narcotics and dangerous drugs investigations at the DEA
Training Academy located in Quantico, Virginia. In the course of my training and experience, I
have become familiar with the methods and techniques associated with the distribution of
narcotics, the laundering of drug proceeds, the organization of drug and other criminal
conspiracies, and the methods used by criminal organizations to conceal illicit proceeds. I have
participated in numerous investigations relating to armed individuals that were involved in the

distribution of controlled substances, including heroin, cocaine, and other substances in violation of federal drug laws, including Title 21, United States Code, Sections 841 and 846, and Title 18, United States Code, Sections 922 and 924. I have also participated in numerous interviews and debriefings of individuals involved in drug trafficking.

3.      I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 3117 to authorize the installation and monitoring of a tracking device on a 2011 Toyota Venza, bearing New York registration HFM-4978 and vehicle identification number 4T3BKBB1BU060743 (hereinafter "**SUBJECT VEHICLE**"), registered to Angel CRUZ, 298 Annie Lane Rochester, NY 14626. The SUBJECT VEHICLE is currently being utilized by Angel CRUZ, date of birth 02/12/1982, of 298 Annie Lane in Rochester, New York. 298 Annie Lane is located in an apartment complex, which has a shared parking lot for residents of the complex.

4.      Based on the facts set forth in this affidavit, I believe that the **SUBJECT VEHICLE** is presently being used in furtherance of violations of Title 21, United States Code, Sections 841(a)(1) and 846 (Possession with Intent to Distribute, and Distribution, of Cocaine, and Conspiracy to do so) by Angel CRUZ and others, and that there is probable cause to believe, and I do believe, as more fully set forth herein, that the installation of a tracking device in or on the **SUBJECT VEHICLE** and use of the tracking device will lead to evidence, fruits, and instrumentalities of the above-referenced crimes, as well as to the identification of individuals who are engaged in the commission of those and related crimes.

5.      I have participated in the investigation that is the subject of this affidavit in

2

conjunction with other law enforcement officers. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## PROBABLE CAUSE

6.      In November of 2017, Drug Enforcement Administration (DEA) agents utilized a confidential source (CS-1) to conduct a controlled purchase of cocaine from Raul MATOS. CS-1 has shown to be reliable by providing information in the past that was corroborated by agents along with conducting controlled purchases. Prior to the controlled purchase, CS-1 was searched by agents with a negative result for illegal drugs or contraband. CS-1 was provided official funds for the purchase of cocaine and a recording device. CS-1 met with MATOS at a location in Rochester, New York while surveilled by agents. Following the meeting, CS-1 instructed agents that MATOS could supply CS-1 with cocaine, but he had to go and get it first. Agents maintained surveillance on MATOS following the meeting. Approximately 30 minutes later, agents observed the SUBJECT VEHICLE park in the vicinity of MATOS. A male subject matching the same general description of Angel CRUZ exited the SUBJECT VEHICLE and entered the passenger side of MATOS' vehicle. Approximately three minutes later, agents observed this subject exit MATOS' vehicle and leave the area in the SUBJECT VEHICLE. Agents then observed MATOS drive to meet with CS-1 at a location in Rochester, NY. CS-1 was observed meeting with MATOS at this location. Following the meeting with MATOS, CS-1 met with agents and turned over suspected cocaine that the CS stated he/she purchased from

3

MATOS with the official funds provided. The suspected cocaine was examined by a DEA Laboratory and determined to be cocaine. Following the controlled purchase, agents observed the SUBJECT VEHICLE and MATOS' vehicle parked in the vicinity of 19 Weyl Street in Rochester, New York.

7.    In September of 2017 a confidential source (CS-2) provided information to DEA agents regarding Angel CRUZ. CS-2 stated that CRUZ is selling large amounts of cocaine and heroin in the Rochester, New York area. CS-2 has shown to be reliable by providing information that was corroborated by agents along with conducting controlled purchases.

8.    In February of 2018, agents instructed CS-2 to contact CRUZ to set up a controlled purchase of cocaine with CRUZ. During the recorded call, CRUZ instructed CS-2 to meet him at a location in Rochester, New York. Agents searched CS-2 and his/her vehicle for illegal drugs or contraband with a negative result. CS-2 was equipped with a recording device and provided official funds for the purchase of cocaine. Agents followed CS-2 to the meet location. Agents observed CS-2 park his/her vehicle near the SUBJECT VEHICLE at the meet location. CS-2 was observed exiting the CS vehicle and walking toward the passenger side of the SUBJECT VEHICLE. Moments later the CS was observed walking from the area of the SUBJECT VEHICLE. Angel CRUZ was then identified exiting the area of the SUBJECT VEHICLE while talking to CS-2. CS-2 drove to another location to meet with agents. At this location, CS-2 turned over suspected cocaine he/she advised was purchased from Angel CRUZ

4

with the official funds inside the SUBJECT VEHICLE. A portion of the suspected cocaine was field tested by agents with a positive result for cocaine.

9.     In late March of 2018, agents utilized CS-2 to conduct another controlled purchase of cocaine from Angel CRUZ. CS-2 was instructed by agents to conduct a controlled phone call to CRUZ. During this recorded call, CRUZ told CS-2 to get the cocaine from a person that sells cocaine for him. CRUZ provided CS-2 with a phone number, and CS-2 then conducted a recorded call to this unknown subject. The unknown subject told CS-2 to come to his house located in Rochester, New York. Agents searched CS-2 and his/her vehicle and did not locate any illegal drugs or contraband during the search. CS-2 was provided official funds for the purchase of cocaine along with a recording device. Agents then followed CS-2 to the residence in Rochester, New York that was described by the unknown subject. Agents observed a male subject exit this residence and enter CS-2's vehicle. Moments later the male subject exited CS-2's vehicle and entered the residence. CS-2 traveled from this residence and met with agents at another location. CS-2 turned over suspected cocaine to agents that CS-2 advised was purchased from the male subject that exited the residence. A portion of this suspected cocaine was field tested by agents with a positive result for the presence of cocaine. Approximately 17 minutes after the controlled purchase, agents observed the SUBJECT VEHICLE driving on the street where the above listed controlled purchase took place approximately five houses away. It appeared that the SUBJECT VEHICLE had just left the residence where the controlled purchase took place based on the observation that the SUBJECT VEHICLE was in the vicinity of the house.

5

10. Agents have observed the SUBJECT VEHICLE in the vicinity of CRUZ's residence, 298 Annie Lane in Rochester, New York on multiple occasions within the past several months. A criminal history check of Angel CRUZ revealed that he was arrested and convicted on New York State felony drug charges in 2001 while in Rochester, New York.

## USE OF TRACKING DEVICE

11. The goal of this investigation is not limited to arresting Angel CRUZ and charging him with the distribution of cocaine. The goals also include identifying the locations where CRUZ stashes his drugs and money and identifying CRUZ's sources, workers and customers. This goal requires physical surveillance of CRUZ when he drives to various locations in the Rochester area to conduct his drug trafficking activity and when he transports cocaine to Rochester, New York, from unknown locations. Based on my experience in this case and my training, I believe that it will be extremely difficult to establish and maintain surveillance on the SUBJECT VEHICLE as CRUZ travels in and around Rochester, New York, without the installation of a tracking device on the SUBJECT VEHICLE. Without the installation of a tracking device, surveillance of CRUZ would require investigators to physically follow him as he drives around Rochester, New York. This increases the likelihood that CRUZ and/or his associates will detect the police surveillance, thereby risking damage to the investigation by CRUZ and his associates switching vehicles, changing addresses and/or phone numbers, concealing or moving to new locations their drugs and drug proceeds, and/or even leaving the area for a period of time.

6

12.     Therefore, your affiant requests authorization to install and monitor a tracking device on the SUBJECT VEHICLE. Use of a tracking device will allow the investigating agents to monitor the locations to which the SUBJECT VEHICLE is driven without having to remain in close sight surveillance, which will greatly reduce the risk that the investigation would be compromised. As noted above, your affiant believes that monitoring the tracking device will lead to evidence and fruits of the aforementioned offenses, as well as to the identification of other individuals who are engaged in the commission of these offenses and related crimes.

13.     In order to track the movement of the SUBJECT VEHICLE effectively and to decrease the chance of detection, your affiant seeks authorization to place a tracking device in or on the SUBJECT VEHICLE while it is in the Western District of New York. It may be necessary to enter onto private property and/or move the SUBJECT VEHICLE to effect the installation, repair, replacement and removal of the tracking device.

14.     To ensure the safety of the executing officers and to avoid premature disclosure of this ongoing and covert investigation, it is requested that the Court authorize installation, maintenance, and removal of the tracking device during both daytime and nighttime hours. I believe that if CRUZ were to learn of the tracking device or efforts by the investigative team to install the device, it would alert him and any co-conspirators to the existence of this ongoing, covert investigation. I further believe that if CRUZ was alerted to the existence of this investigation, he and/or co-conspirators may become more secretive in their criminal activities, conduct their criminal activities at different locations, harm suspected government agents and/or informants, threaten potential witnesses, flee the jurisdiction, conceal or destroy evidence, and otherwise seriously jeopardize this ongoing criminal investigation.

7

15.     In the event the Court grants this application, there will be periodic monitoring of the tracking device during both daytime and nighttime hours for a period of 45 days following installation of the device. The tracking device may produce signals from inside private garages or other such locations not open to the public or visual surveillance.

16.     Should it become obvious that CRUZ or any of his associates is no longer using the SUBJECT VEHICLE, the monitoring of the tracking device will cease and it will be removed from the SUBJECT VEHICLE. It is anticipated that, if this happens, a new application for installation of a tracking device on CRUZ's new vehicle will be made to the Court.

17.     WHEREFORE, based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 3117, that authorizes members of the DEA or their authorized representatives, including, but not limited to, RPD, FBI, ATF and other law enforcement agents and technicians assisting in the above-described investigation, to install a tracking device in or on the SUBJECT VEHICLE within the Western District of New York within 10 days of the issuance of the proposed warrant, to maintain, repair, and/or replace the tracking device as necessary, and to remove the tracking device from the SUBJECT VEHICLE after the use of the tracking device has ended; to install, maintain, and remove the tracking device during both daytime and nighttime hours; to surreptitiously enter the parking lot in the area of 298 Annie Lane, Rochester, New York, and/or move the SUBJECT VEHICLE to effect the installation, repair, replacement, and

8

removal of the tracking device; and to monitor the tracking device for a period of 45 days following the issuance of the warrant, including when the tracking device is inside private garages and other locations not open to the public or visual surveillance, both within and outside the Western District of New York.

18.    In accordance with 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), I further request that the warrant delay notification of the execution of the warrant for 30 days after the end of the authorized period of tracking (including any extensions thereof) because there is reasonable cause to believe that providing immediate notification may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice would seriously jeopardize the ongoing investigation by prematurely revealing its existence and giving suspects an opportunity to flee from prosecution, destroy or tamper with evidence, such as narcotics, drug ledgers or the proceeds of narcotics transactions, intimidate potential witnesses, notify confederates, and change patterns of behavior.

JEFFREY PLATTOS
Special Agent
Drug Enforcement Administration

Sworn to and subscribed before me
this _18_ day of April, 2018.

HON. MARIAN W. PAYSON
United States Magistrate Judge
Western District of New York

9

# EXHIBIT B

AO 104 (Rev. 07/16)  Tracking Warrant

# UNITED STATES DISTRICT COURT

for the

Western District of New York

| | |
|---|---|
| In the Matter of the Tracking of<br>*(Identify the person, property, or object to be tracked)*<br><br>A RED 2011 TOYOTA VENZA,<br>NEW YORK STATE REGISTRATION<br>HFM-4978, VIN # 4T3BK3BB1BU060743 | )<br>)<br>)<br>)<br>)<br>) |

Case No.   18-MJ- 4041

## TRACKING WARRANT

To:      Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government shows there is reason to believe that the person, property, or object described above has been involved in and likely will continue to be involved in the criminal activity identified in the application, and ☑ is located in this district;   ☐ is not now located in this district, but will be at execution;   ☐ the activity in this district relates to domestic or international terrorism;   ☐ other:

I find that the affidavit(s), and any recorded testimony, establish probable cause to believe that *(check the appropriate box)* ☐ using the object   ☑ installing and using a tracking device to monitor the location of the person, property, or object will satisfy the purpose set out in Fed. R. Crim. P. 41(c) for issuing a warrant.

☑ I find entry into the following vehicle or onto the following private property to be necessary without approval or knowledge of the owner, custodian, or user of the vehicle or property for installing, maintaining, and removing the tracking device: The parking lot outside of 298 Annie Lane, Rochester, New York.

**YOU ARE COMMANDED** to execute this warrant and begin use of the object or complete any installation authorized by the warrant by _____ *(no later than 10 days from the date this warrant was issued)* and may continue to use the device until *(no later than 45 days from the date this warrant was issued)*. The tracking may occur within this district or another district. To install, maintain, or remove the device, you may enter *(check boxes as appropriate)*

☐ into the vehicle described above   ☑ onto the private property described above
☐ in the daytime 6:00 a.m. to 10:00 p.m.   ☑ at any time in the day or night because good cause has been established.

Within 10 calendar days after the use of the tracking device has ended, the officer executing this warrant must both return it to *(United States Magistrate Judge)* _____ Hon. Marian W. Payson _____ and — unless delayed notice is authorized below — serve a copy of the warrant on the person who, or whose property or object, was tracked.

☑ Pursuant to 18 U.S.C. § 3103a(b)(1), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and this warrant prohibits the seizure of any tangible property or any wire or electronic communications (as defined in 18 U.S.C § 2510). I therefore authorize the officer executing this warrant to delay notice to the person who, or whose property or object, will be tracked *(check the appropriate box)*

☑ for      30      days *(not to exceed 30)* ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued:   4/18/18 at 12:04 pm                    Marian W Payson
                                                                                          *Judge's signature*

City and state:    Rochester, New York                      Hon. Marian W. Payson, U.S. Magistrate Judge
                                                                                    *Printed name and title*

AO 104 (Rev. 07/16)  Tracking Warrant (Page 2)

Case No.  18-MJ-

---

### Return of Tracking Warrant With Installation

1.  Date and time tracking device installed:  _____

2.  Dates and times tracking device maintained:  _____

3.  Date and time tracking device removed:  _____

4.  The tracking device was used from *(date and time)*:  _____

    to *(date and time)*:  _____ .

---

### Return of Tracking Warrant Without Installation

1.  Date warrant executed:  _____

2.  The tracking information was obtained from *(date and time)*:  _____

    to *(date and time)*:  _____ .

---

### Certification

I declare under the penalty of perjury that this return is correct and was returned along with the original warrant to the designated judge.

Date:  _____          _____

                                        *Executing officer's signature*


                                        _____

                                        *Printed name and title*